# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN KEITH SPIVEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:14cv00340 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA | ) | By: Norman K. Moon |
| REGIONAL JAIL AUTHORITY, | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Brian Keith Spivey, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority ("SWVRJA"). Spivey alleges that he was not allowed to bring his personal property with him when he was transported to the SWVRJA's Haysi Facility for a court hearing. Spivey claims that although his placement in the Haysi Facility was supposed to have been for one day, he has now been there for just over a year and still has not received his personal property. Spivey seeks damages and a court order directing the SWVRJA to "promptly arrange to retrieve" his personal property. I conclude that Spivey's complaint fails to state a claim for relief against the SWVRJA and, therefore, I will dismiss it pursuant to 28 U.S.C. § 1915A(b)(1).

Spivey has named only the SWVRJA as defendant to his action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S.

658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Spivey fails to show that any official policy or custom of the SWVRJA was responsible for the injury he allegedly suffers.[1] Accordingly, I conclude that Spivey has failed to state a claim against the SWVRJA and therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[2]

ENTER: This 3rd day of November, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that nothing in this decision today precludes Spivey from bringing an action against any individuals who may have violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e. I also note that the intentional or negligent deprivation of personal property by a jail employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation so long as there is an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).

[2] Spivey alleges that he previously obtained an order from a Buchanan County Circuit Court judge that directed the SWVRJA to "promptly arrange to retrieve" Spivey's personal property. To the extent Spivey asks me to order the defendant to comply with a state court order, I find no jurisdiction to grant his request. Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, district courts do not have jurisdiction to grant mandamus relief against state officials. *See Gurley v. Super. Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, I do not have jurisdiction to order such relief.